IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CAREY, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-3009 |
| § | | |
| 24 HOUR FITNESS USA, INC., § | | |
|    Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Stay and to Compel Individual Arbitration ("Motion to Compel Arbitration") [Doc. # 9] filed by Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness"). Plaintiff John Carey filed a Response [Doc. # 11], Defendant filed a Reply [Doc. # 15], and Plaintiff filed a Sur-Reply [Doc. # 18]. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** the Motion to Compel Arbitration.

## **I.  BACKGROUND**

Plaintiff, a former employee of Defendant, filed this lawsuit asserting that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages. In connection with his employment, Plaintiff in January 2005 signed an Employee Handbook Receipt Acknowledgment certifying that he received a copy of the January 2005 employee handbook ("2005 Handbook"). The 2005 Handbook

contains an Arbitration Provision in which Plaintiff and Defendant agree to submit all employment-related disputes to binding arbitration. The Arbitration Provision was amended in 2007, but the new version similarly contains the requirement that all employment-related disputes be submitted on an individual basis to binding arbitration.[1]

Defendant has moved to stay this case and to compel arbitration of Plaintiff's claim in accordance with the Arbitration Provision. Plaintiff objects, arguing in part that the Arbitration Provision is unenforceable as illusory because it allows unilateral amendment by Defendant. The Motion to Compel Arbitration has been fully briefed and is now ripe for decision.

## II. ANALYSIS

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, arbitration is fundamentally a matter of contract and the Court must first determine whether there is a valid agreement between the parties to arbitrate

---

[1] Defendant has not provided evidence that Plaintiff received notice of the 2007 changes to the 2005 Handbook.

their dispute. *See Rent-A-Center, West, Inc. v. Jackson*, __ U.S. __, 130 S. Ct. 2772, 2776 (2010); *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted). In deciding whether the parties entered into a valid agreement to arbitrate, the Court applies general contract principles. *Id.*

In this case, the Arbitration Provision is contained within and is part of the 2005 Handbook. The Employee Handbook Receipt Acknowledgment form provides that Defendant "has the right to revise, delete, and add to the employee handbook" and that any revisions "will be communicated through official written notices . . .." *See* Employee Handbook Receipt Acknowledgment, Exh. 1 to Motion to Compel Arbitration.

Where, as here, the employer retains the unilateral right to modify or terminate the arbitration provision, the agreement to arbitrate is illusory and unenforceable. *See, e.g., In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010) ("an arbitration clause is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether"); *Morrison v. Amway Corp.*, 517 F.3d 248,

255 (5th Cir. 2008); *Torres v. S.G.E. Mgmt, LLC*, 2010 WL 3937362, *4 (5th Cir. Oct. 5, 2010).

Defendant argues that an arbitration provision is not illusory under Texas law if the employer is required to give notice of any unilateral changes. This argument is not supported by the legal authorities. In *Morrison*, for example, the arbitration provision was held to be illusory even though it required publication of notice of any changes. *See Morrison*, 517 F.3d at 254. Similarly, in *Torres*, the arbitration provision was held to be illusory because it could be eliminated or modified "upon notice." *See Torres*, 2010 WL 3937362 at *4.

In the cases relied upon by Defendant, the arbitration provisions were enforced, but not because they required notice before a unilateral change would be effective. In *In re Halliburton Company*, 80 S.W.3d 566 (Tex. 2002), the Texas Supreme Court held that the arbitration provision at issue was not illusory because Halliburton's authority to modify the arbitration program was limited to the extent that any modifications could not affect a dispute that Halliburton knew of at the time of the modification. Consequently, because Halliburton could not modify or terminate the arbitration program as to existing disputes, Halliburton could not "avoid its promise to arbitrate by amending the provision or terminating it altogether." *Halliburton*, 80 S.W.3d at 570. The Arbitration Provision in the 2005 Handbook contains no

similar limitation on 24 Hour Fitness's ability to modify the provision in any way or to terminate it completely.

In other cases, the arbitration provision was enforced because it was contained in a separate document that did not include language allowing unilateral changes or termination of the arbitration requirement. *See, e.g., D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 868 (Tex. App. – Houston [14th Dist.] 2006) (noting that the arbitration provision was only in the Employee Acknowledgment Form which contained no provision allowing D.R. Horton to amend or rescind the arbitration agreement unilaterally); *In re 24R, Inc.*, 2010 WL 4145601, *2 (Tex. Oct. 22, 2010) (holding that provision in employee manual allowing employer to modify or abolish any personnel policy did not render illusory the separate arbitration agreement, which made "no mention of the right to change its terms" and did not "mention or incorporate by reference the employee manual").

In the case at bar, the Arbitration Provision is contained within the Handbook, which Defendant retained the unilateral right to modify or terminate at any time upon written notice. Consequently, under Texas law, the Arbitration Provision is illusory. "When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract." *In re 24R*, 2010 WL 4145601 at

*2. Absent a contract between the parties agreeing to arbitrate their disputes, this Court cannot compel either party to submit the dispute to arbitration.

### III.   CONCLUSION AND ORDER

The 2005 Handbook permits Defendant to modify or terminate the Arbitration Provision at any time. As a result, the Arbitration Provision is illusory and unenforceable as a valid contract between Plaintiff and Defendant to arbitrate this dispute. It is, therefore, hereby

**ORDERED** that Defendant's Motion to Compel Arbitration [Doc. # 11] is **DENIED**.

SIGNED at Houston, Texas, this **1st** day of **December, 2010**.

_____
Nancy F. Atlas
United States District Judge