IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CAREY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3009 |
| | § | |
| 24 HOUR FITNESS USA, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Stay Proceedings Pending Appeal ("Motion to Stay") [Doc. # 23] filed by Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness"). Plaintiff John Carey filed a Response [Doc. # 28], and Defendant filed a Reply [Doc. # 30]. Based on the Court's review of the record and the relevant legal authorities, the Court **grants** the Motion to Stay.

## I.     BACKGROUND

Plaintiff, a former employee of Defendant, filed this lawsuit asserting that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages. In connection with his employment, Plaintiff in January 2005 signed an Employee Handbook Receipt Acknowledgment certifying that he received a copy of the January 2005 employee handbook ("2005 Handbook"). The 2005 Handbook

contains an Arbitration Provision in which Plaintiff and Defendant agree to submit all employment-related disputes to binding arbitration.

Defendant moved to stay this case and to compel arbitration of Plaintiff's claim in accordance with the Arbitration Provision. The Court denied Defendant's motion, concluding that the Arbitration Provision is unenforceable as illusory because it provides for unilateral amendment by Defendant upon notice at any time.

Defendant filed a Notice of Appeal pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16. Defendant seeks a stay of all proceedings in this court pending the completion of the § 16 appeal. The Motion to Stay has been fully briefed and is ripe for decision.

## II.    ANALYSIS

The FAA provides that an appeal may be taken from an order denying a stay of proceedings in the district court and to compel arbitration of the dispute. *See* 9 U.S.C. § 16(a)(1)(A) and (B); *see also Todd v. Steamship Mut. Underwriting Ass'n*, 601 F.3d 329, 331-32 (5th Cir. 2010); *Agere Sys., Inc. v. Samsung Elec. Co.*, 560 F.3d 337, 339 (5th Cir. 2009). A § 16 appeal "reinforces the congressional policy in favor of arbitration by making anti-arbitration decisions widely appealable even when interlocutory . . .." *May v. Higbee Co.*, 372 F.3d 757, 761 (5th Cir. 2004).

Defendant seeks a stay of all proceedings before this district court pending the completion of the § 16 appeal. The majority of federal appellate courts to consider the issue have held that a stay pending a § 16 appeal should be granted because a non-frivolous appeal divests the district court of jurisdiction.[1] *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3rd Cir. 2007); *McCauley v. Halliburton Energy Srvs., Inc.,* 413 F.3d 1158, 1162 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). These courts reason that failing to provide a stay pending a § 16 appeal would cause the benefits of the arbitration process to be eroded or lost completely. *See, e.g., Blinco*, 366 F.3d at 1251; *Bradford-Scott*, 128 F.3d at 506. Under these appellate decisions, which this Court finds persuasive, Defendant's filing of a non-frivolous appeal pursuant to § 16 divests the Court of jurisdiction and requires the stay of further proceedings in the district court until the appeal is concluded.

The minority view on the stay issue is that a district court has discretion to stay proceedings pending a § 16 appeal, but is not required to do so. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004); *Britton v. Co-Op Banking Group*, 916

---

[1] Although the Court anticipates that Defendant's § 16 appeal will ultimately prove unsuccessful, the Court cannot find that the appeal is frivolous.

F.2d 1405, 1412 (9th Cir. 1990). Were the Fifth Circuit to adopt the holdings of these two courts of appeals, which this Court finds unlikely, the Court would exercise its discretion to grant the stay. As the Seventh Circuit noted in *Bradford-Scott*, to continue district court proceedings "largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Bradford-Scott*, 128 F.3d at 505. Additionally, as noted by the Eleventh Circuit in *Blinco*, Congress provided a party who seeks arbitration "with swift access to appellate review, [acknowledging] that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco*, 366 F.3d at 1251. In order to protect the benefits to be obtained from the arbitration process, if arbitration were to be required in this case, the Court exercises its discretion to stay proceedings in this court pending the completion of the § 16 appeal.

### III.   CONCLUSION AND ORDER

The majority view is that a § 16 appeal from the denial of a motion to compel arbitration divests this Court of jurisdiction during the appeal. The minority view is that a district court has discretion to stay proceedings pending a § 16 appeal, but it is not required to do so. Under either view, the Court concludes that a stay of proceedings pending the completion of Defendant's § 16 appeal is appropriate in this

case, either as a mandatory stay or as an exercise of this Court's discretion. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Stay Proceedings Pending Appeal [Doc. # 23] is **GRANTED**. This case is **STAYED AND ADMINISTRATIVELY CLOSED** pending the completion of Defendant's § 16 appeal from the denial of its motion to compel arbitration.

SIGNED at Houston, Texas, this **30th** day of **December, 2010**.

_____
Nancy F. Atlas
United States District Judge