IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN CAREY,              §
    Plaintiff,           §
                     §
v.                       §          CIVIL ACTION NO. H-10-3009
                     §
24 HOUR FITNESS USA, INC.,   §
    Defendant.           §

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion

for Corrective Notice and an Injunction Limiting Future Unapproved Communication

with the Potential Class Members[1] ("Motion") [Doc. # 78] filed by Plaintiff John

Carey.  Plaintiff complains that a Notice Regarding Dispute Resolution Agreement

("Notice"), attached as Exhibit A to the Motion, is contrary to a decision of the

National Labor Relations Board ("NLRB") and is coercive and confusing.  Defendant

24 Hour Fitness USA, Inc. ("24 Hour Fitness") filed a Response [Doc. # 79], arguing

that the NLRB decision is not binding, persuasive, or applicable, and that the Notice

is neither coercive nor confusing.  Plaintiff neither filed a reply nor requested

---

[1]    Also pending are Plaintiff's Renewed Motion for Conditional Certification of a Collective Action, Motion for Notice to Potential Class Members, and Motion for Class Discovery [Doc. # 58] and Plaintiff's Motion to Strike Paragraphs Nine Through Twenty-One of the Declaration of Jeffrey Ward [Doc. # 70], which will be addressed in a separate Memorandum and Order.

additional time to do so.  Based on the Court's review of the record and relevant legal authorities, the Court **denies** the Motion.

## I.    BACKGROUND

Plaintiff, a former employee of Defendant, filed this lawsuit asserting that Defendant violated the FLSA by failing to pay him overtime wages and instead paying him a commission rate.  Defendant sought to compel arbitration based on an arbitration provision in the employee handbook.  The Court denied Defendant's request and, on interlocutory appeal, the United States Court of Appeals for the Fifth Circuit affirmed.  *See Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202 (5th Cir. 2012).

After the decisions by this Court and the Fifth Circuit were issued, 24 Hour Fitness revised its arbitration agreement to comply with the Courts' rulings. Defendant then sent employees who are potential plaintiffs in this case Notice of the revised agreement, a copy of the complaint in this case, a copy of the Dispute Resolution Agreement, and a form by which the employee could opt out of the arbitration agreement (collectively, "Notice").  Plaintiff now seeks an order from this Court requiring a "Corrective Notice" and enjoining Defendant from communicating further with its employees who are potential plaintiffs in this case.  Plaintiff's Motion is ripe for decision.

## II.    ANALYSIS

### A.    Plaintiff's Argument that Notice is Contrary to Binding Law

Plaintiff argues that the Notice is improper because 24 Hour Fitness's revised Dispute Resolution Agreement is void because it precludes collective arbitrations in violation of the NLRB's decision in *In Re D.R. Horton*, 2012 WL 36274 (2012).[2]  In *Horton*, the NLRB held that an employer violates Section 8(a)(1) of the National Labor Relations Act ("NLRA")[3] when it requires its employees, as a condition of their employment, "to waive their right to collectively pursue employment-related claims in all forums, arbitral and judicial."  *Horton*, 2012 WL 36274, *1, *17.  The NLRB's decision in *Horton* is currently on appeal to the Fifth Circuit.  *See D.R. Horton, Inc. v. NLRB*, No. 12-60031.

The *Horton* decision has been widely criticized by many district court who have refused to follow its ruling.  *See, e.g., Morvant v. P.F. Chang's China Bistro, Inc.*, __ F. Supp. 2d __, 2012 WL 1604851 (N.D. Cal May 7, 2012); *LaVoice v. UBS Fin.*

---

[2]    The Court notes that the validity of the *Horton* decision is subject to question.  Of the three NLRB members of the panel, one recused from consideration of the case and the term of another expired before the decision was issued.  The Court, however, need not decide this issue.

[3]    Section 8(a)(1) of the NLRA makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" by Section 7.  29 U.S.C. § 158(a)(1).  Section 7 of the NLRA provides that employees shall have the right "to engage in . . . concerted activities for the purposes of collective bargaining or other mutual aid or protection . . .."  29 U.S.C. § 157.

*Servs., Inc.*, 2012 WL 124590 (S.D.N.Y. Jan. 13, 2012); *see also Tenet HealthSystem Philadelphia, Inc. v. Rooney*, 2012 WL 3550496 (E.D. Pa. Aug. 17, 2012) (granting motion to confirm arbitration award over employee's *Horton* argument).

"Although the NLRB's construction of the NLRA is entitled to deference, the NLRB has no special competence or experience interpreting the FAA." *Tenet*, 2012 WL 3550496 at *4; *see also DeLock v. Securitas Security Servs. USA, Inc.*, __ F. Supp. 2d __, 2012 WL 3150391, *3 (E.D. Ark. 2012). Consequently, the NLRB's decision in *Horton* is neither binding authority nor otherwise warranting deference.

Additionally, the *Horton* decision is contrary to prior Fifth Circuit authority and subsequent Supreme Court authority. Before *Horton*, the Fifth Circuit rejected an employee's argument that the inability to proceed collectively in arbitration deprived them of substantive rights under the FLSA, and held that proceeding collectively under the FLSA is a matter of procedure, not a substantive right. *Carter v. Countrywide Credit Indus., Inc.* 362 F.3d 294, 298 (5th Cir. 2004).

One week after the NLRB issued its *Horton* decision, the Supreme Court decided *CompuCredit Corp. v. Greenwood*, __ U.S. __ 132 S. Ct. 665 (2012). In that case, which dealt with the Credit Repair Organization Act, the Supreme Court held that courts are required to enforce arbitration agreements according to their terms "even when the claims at issue are federal statutory claims, unless the [Federal

Arbitration Act's] mandate has been 'overridden by a contrary congressional command.'" *CompuCredit*, 132 S. Ct. at 669.  "Nothing in the FLSA's text or legislative history indicates that Congress excepted those claims from the FAA's mandate" to enforce arbitration agreements according to their terms. *DeLock*, 2012 WL 3150391 at *4.

The *Horton* decision is neither binding nor subject to deference, and is inconsistent with Fifth Circuit and Supreme Court authority.  On that basis, the Court declines to apply the *Horton* decision to invalidate the Dispute Resolution Agreement adopted by 24 Hour Fitness.

Even were the Court to adopt the *Horton* decision, it would not apply to the Dispute Resolution Agreement in this case.  In *Horton*, the NLRB focused on and emphasized that the employer required its employees to sign the arbitration agreement as a condition of their employment.  *See Horton*, 2012 WL 36274 at *1, *5, *11, *12, *15.  Employees of 24 Hour Fitness are not required to sign the Dispute Resolution Agreement as a condition of their employment.  Instead, 24 Hour Fitness employees are expressly permitted to opt out of the Dispute Resolution Agreement.  *See* Notice Cover Letter; Dispute Resolution Agreement, ¶ 4.  Consequently, even if *Horton* were followed, it would not invalidate the Dispute Resolution Agreement in this case and

would not provide a basis for requiring "Corrective Notice" to potential plaintiffs in this lawsuit.

**B.     Plaintiff's Argument that Notice is Coercive and/or Confusing**

Plaintiff argues also that a "Corrective Notice" and injunction are required because the Notice is coercive and/or confusing.  As is discussed above, the Notice is not coercive because it advises employees in at least two places that they are permitted to opt out of the Dispute Resolution Agreement.  The cover letter and the Dispute Resolution Agreement state clearly that no employee who decides to opt out of the arbitration agreement will be subjected to retaliation.  *See* Notice Cover Letter; Dispute Resolution Agreement, ¶ 12.

The Notice is not confusing.  The cover letter is written in clear, plain English and explains the provisions of the Dispute Resolution Agreement and the opt-out procedure.  The Dispute Resolution Agreement is also written clearly and in a non-confusing manner.

The Notice is neither coercive nor confusing because it explains clearly the existence of the *Carey* lawsuit and supplies the employees with a copy of the complaint.  Moreover, the Notice provides the name and contact information for Plaintiff's counsel should a potential plaintiff have questions or simply want to speak with an attorney regarding the decision whether to agree to the arbitration procedure

or opt-out and participate in the *Carey* lawsuit.  *See* Notice Cover Letter; Dispute Resolution Agreement, ¶ 11.

Plaintiff has failed to demonstrate that the Notice and the Dispute Resolution Agreement are invalid, coercive, and/or confusing.  As a result, the Court declines to order a "Corrective Notice" or enjoin either party from communicating with potential plaintiffs.

## III.  CONCLUSION AND ORDER

The new Dispute Resolution Agreement adopted by 24 Hour Fitness is not in violation of *D.R. Horton*, even if the NLRB's decision in that case were binding.  The Notice sent to potential plaintiffs is neither coercive nor confusing. As a result, Plaintiff has failed to demonstrate a legal basis for this Court to order the issuance of a corrective notice or to enjoin either party from communicating with potential plaintiffs.  It is, therefore, hereby

**ORDERED** that Plaintiff's Motion for Corrective Notice and an Injunction Limiting Future Unapproved Communication with the Potential Class Members ("Motion") [Doc. # 78] is **DENIED**.

SIGNED at Houston, Texas, this **4**th day of **October, 2012**.

Nancy F. Atlas
United States District Judge