IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CAREY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3009 |
| | § | |
| 24 HOUR FITNESS USA, INC., | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on Plaintiff John Carey's Renewed Motion for Conditional Certification of a Collective Action, Motion for Notice to Potential Class Members, and Motion for Class Discovery ("Motion to Certify") [Doc. # 58].[1] Plaintiff seeks conditional certification of this lawsuit as a collective action including "[a]ll current and former Sales Counselors working for Defendant in Texas at any time between August 20, 2007, and the present." Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness") filed a Response [Doc. # 65], Plaintiff filed a Reply [Doc. # 69], and Defendant filed a Sur-Reply [Doc.

---

[1] Also pending is Plaintiff's Motion to Strike Paragraphs Nine through Twenty-One of the Declaration of Jeffrey Ward ("Motion to Strike") [Doc. # 70], to which Defendant filed a Response [Doc. # 74]. Plaintiff neither filed a Reply nor requested additional time to do so. Because the Court's decision is not based on Jeffrey Ward's Declaration, the Motion to Strike is **denied as moot**.

# 72]. Based on the Court's review of the record and relevant legal authorities, the Court **denies** the Motion to Certify.

**I.      BACKGROUND**

Defendant operates a nationwide chain of health clubs at which it employs Membership Counselors[2] to give tours of the clubs to potential customers and to sell memberships. At relevant times, Membership Counselors were paid on a commission basis, unless their sales volume and resulting commission fell below a minimum level, in which case they were paid an hourly wage. Plaintiff Carey was one of 24 Hour Fitness's highest-selling Membership Counselors until his employment ended in April 2010.

Defendant has a written policy that requires the payment of overtime wages for employees who are required or permitted to work overtime hours. *See* Affidavit of Alisa Iyer, Exh. 14 to Response, ¶ 9. The policy specifically requires employees to keep a correct record of their hours worked and prohibits "off the clock" work. *See id.*, ¶¶ 7, 8. Plaintiff Carey filed this lawsuit asserting that Defendant violated the FLSA by failing to pay him overtime wages.

---

[2]     Plaintiff refers to his former position with 24 Hour Fitness as a Sales Counselor. The Court will refer to the position as a Membership Counselor, the title used by 24 Hour Fitness.

After discovery on the conditional certification issue, Plaintiff Carey moved for certification and notice to potential plaintiffs. The Motion to Certify has been fully briefed and is now ripe for decision.

## II. STANDARD FOR CONDITIONAL CERTIFICATION

"The FLSA allows multiple employees to bring action against an employer on behalf of themselves and other employees similarly situated." *Bejil v. Ethicon, Inc.*, 269 F.3d 477, 481 (5th Cir.2001). In this case, Plaintiff asks the Court to allow notice to potential plaintiffs. "Notice does not issue unless a court conditionally certifies the case as a collective action." *Gibson v. NCRC, Inc.*, 2011 WL 2837506, *3 (S.D. Tex. July 18, 2011) (Rosenthal, J.).

The Courts in this federal district generally analyze requests for conditional certification under the FLSA using the two-step process discussed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Walker v. Honghua Am., LLC*, __ F. Supp. 2d __, 2012 WL 1601288, *1 (S.D. Tex. 2012) (Ellison, J.), and cases cited therein. The first step of the analysis involves whether notice should be given to potential class members. *See id.* at *2. At this stage, there has generally been no discovery and, therefore, the standard is a lenient one.[3] *Id.* "Some courts place an emphasis on

---

[3] In this case, some discovery has been conducted. The parties disagree regarding whether the discovery is sufficient to require Plaintiffs to satisfy a more stringent
(continued...)

finding some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency." *Id.* (citations omitted). Conditional certification may be denied "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.* (citations omitted). The first-stage analysis requires the plaintiff(s) to show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Id.* Although collective actions under the FLSA are generally favored, the named plaintiff(s) must present some factual support for the existence of a class-wide policy or practice. *Id.*

### III.  ANALYSIS

#### A.  Existence of Similarly Situated Individuals

Plaintiff's expressed theory of a common policy or practice that affected him and other Membership Counselors in this case is two-pronged. First, Plaintiff argues that 24 Hour Fitness imposed sales goals on Membership Counselors that they could

---

[3]  (...continued)
standard for conditional certification. Because Plaintiffs have failed to satisfy the more lenient standard, the Court need not decide whether a more stringent standard should be applied.

not meet without working overtime. Secondly, Plaintiff argues that the 24 Hour Fitness managers did not want the Membership Counselors to record overtime hours because they wanted to reduce labor costs. Each of these elements will require extensive individualized analysis.

Whether a Membership Counselor could meet the sales goals without working overtime depends on the goals set for each individual and the individual's ability to meet those goals. The evidence indicates that the sales goals are not uniformly distributed among the Membership Counselors. Instead, club-wide sales goals are imposed differently from club to club. In establishing a particular club's goals, factors such as the amount of customer traffic, the age of the club, and the time of year are considered. The Club Manager for each club then distributes the club-wide sales goals for the month among the Membership Counselors at that club. In assigning goals to a particular Membership Counselor, the Club Manager considers factors such as the individual's tenure, experience, past projections, and level of commitment.

Each Membership Counselor's ability to meet his monthly goal without working overtime also requires an individualized inquiry. The analysis would require an individual assessment of each individual's sales ability, commitment, availability, and the amount of traffic in the club during that Membership Counselor's working hours. Because the issue of whether the Membership Counselors were capable of

meeting their sales goals without working overtime hours involves a highly individualized analysis, conditional certification is inappropriate.

Whether a Club Manager would be willing to violate the 24 Hour Fitness's written company policy against "off-the-clock" work also requires an inquiry into the motivation and ethics of each Club Manager. Carey has not shown that 24 Hour Fitness had a common practice or policy to require off-the-clock work by its Membership Managers. Instead, the FLSA claim of each potential plaintiff – even if having the same goals and abilities as other potential plaintiffs – will require individual analysis of the conduct and motives of that potential plaintiff's Club Manager.

Plaintiff Carey argues that there should be conditional certification of this lawsuit as a collective action because the "factual questions for each class member will be very much the same: whether her or his time records are accurate, how much overtime if any was lost through fraudulent time records, and whether the additional hours claimed by each class member are corroborated or otherwise credible under the circumstances." *See* Reply [Doc. # 69], p. 5. While it may be true that these common questions must be answered for each potential plaintiff in this case, obtaining *answers* to those questions requires a highly individualized analysis.

Plaintiff has failed to demonstrate, even under a lenient standard, that 24 Hour Fitness uses a common policy or practice that operates to deny Membership Counselors accurate overtime compensation. In this case, there is no identifiable nexus that binds the potential claims of the Membership Counselors such that hearing the claims collectively would promote judicial efficiency. Instead, each Membership Counselor's circumstances, including his goals, his abilities, and his Club Manager, are personal to that potential plaintiff. As a result, conditional certification of this lawsuit as a collective action is unwarranted.

### B.     Individuals Interested in Opting Into Lawsuit

Various courts require a plaintiff seeking conditional certification to present evidence of other similarly situated individuals who want to opt into the lawsuit. *See, e.g., Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Haynes v. Singer Co.,* 696 F.2d 884, 887 (11th Cir. 1983); *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, *9 (S.D. Tex. Jan. 24, 2007); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999). The Fifth Circuit has not addressed this factor, presumably because there are usually multiple employees who seek to join the suit and who provide affidavits in support of the conditional certification.

The Court concludes that typically a showing is necessary that at least a few similarly situated individuals seek to join the lawsuit. Other employees' interest in

joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action. *See, e.g., H & R Block*, 186 F.R.D. at 400 (explaining that "whether affidavits of potential plaintiffs were submitted" is one of several factors that courts *may* consider).

In this case, Plaintiff Carey has identified no Membership Counselors who have demonstrated an interest in joining this lawsuit. This is true even though the case has been pending since 2010, during which time Plaintiff's counsel has maintained a website (found at *24hourfitnessovertime.com*) that provides extensive information about the lawsuit. It is clear that Plaintiff has personal access to prior 24 Hour Fitness employees with whom he worked. He has already obtained affidavits from several prior managers at 24 Hour Fitness. Moreover, Plaintiff has submitted affidavits from three prior 24 Hour Fitness employees who worked at some point as Membership Counselors, but none of them has sought to join in this lawsuit.

To the extent that a plaintiff in an FLSA lawsuit is required to demonstrate that other similarly-situated individuals are interested in joining the lawsuit, Plaintiff Carey has failed to satisfy that requirement in this case. On this basis, as well as based on the absence of adequate similarity among the circumstances of the individual Membership Counselors, the Motion to Certify is denied.

## IV.  CONCLUSION AND ORDER

Resolution of the claims of any potential plaintiffs will require significant individualized inquiry and analysis, as to the conduct of both individual plaintiffs and individual managers.  Additionally, Plaintiff Carey has failed to present evidence of similarly-situated individuals who are interested in joining this lawsuit.  As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Certify [Doc. # 58] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion to Strike [Doc. # 70] is **DENIED AS MOOT**.  It is further

**ORDERED** that counsel shall appear before the Court on **October 29, 2012, at 2:00 p.m.** for a status and scheduling conference.

SIGNED at Houston, Texas, this **11th** day of **October, 2012**.

Nancy F. Atlas
United States District Judge